ANTHONY SEREGI *vs.* MICHAEL KENDZIERSKI ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 2d—decided December 9th, 1937.

*James W. Carpenter,* for the appellants (defendants).

*Herbert L. Emanuelson,* for the appellee (plaintiff).

AVERY, J. The plaintiff while driving his automobile in a westerly direction on the Boston Post Road about a mile west of the center of the town of Greenwich ran into the rear end of a standing truck headed in the same direction, and brought this action to re-

cover for injuries sustained thereby. The case was tried to the court and from a judgment in favor of the plaintiff the defendants have appealed. The trial court has found these facts: The Boston Post Road is a main highway consisting of four lanes of concrete, each nine feet wide. It runs substantially east and west between New York and Bridgeport. The plaintiff at about 2 o'clock in the morning was driving his automobile in a westerly direction at a speed of about thirty-five miles per hour and was occupying the north lane. At a point about a mile west of the center of Greenwich near a garage on the north side of a road a five-ton truck owned by the defendant Rosen and operated by his servant, Kendzierski, had stopped for the purpose of changing a battery at the garage. Although there was ample space between the highway and the garage to park the truck, the operator stopped it in such a position that while its right wheels were on the north shoulder the truck occupied six feet of the northerly concrete lane. The truck had been proceeding in a westerly direction. It was not equipped with reflectors and for a period of about fifteen minutes before the collision it stood in this position with no lights upon it, and during this time no effort was made to warn other motorists of the presence of the truck upon the highway. The position occupied by the truck was an especially dark spot. As the plaintiff approached the rear of the truck there was automobile traffic coming eastward, and as the approaching headlights were glaring the plaintiff reduced his speed, but due to the glare of the headlights he was practically upon the truck before he saw it and was unable to stop his car or to turn out to avoid a collision. He was at all times watchful of his surroundings and the manner in which he operated his automobile.

The defendants in their appeal ask that certain of

these findings be stricken out and certain paragraphs of their draft-finding substituted in place thereof, the effect of which would be to show that the standing truck should have been seen by one exercising reasonable care for a distance of at least one hundred and fifty feet easterly of the point of collision, and that, with the finding so corrected, the plaintiff has failed as a matter of law to prove that he was in the exercise of due care. A careful reading of the testimony certified shows that the findings of the trial court were supported by evidence and no corrections are permissible by which the position of the defendants would be advantaged. Upon the record this case presented a situation where not only the facts constituting the conduct of the parties but also the measure of care were to be determined by the trier and its conclusion is one of fact and not reviewable. *Rozycki* v. *Yantic Grain & Products Co.*, 99 Conn. 711, 715, 122 Atl. 717. The statutes in effect when the accident took place required that any motor vehicle standing upon the highway at night should show at least one red light in the rear where conditions are such as not to make it clearly visible for two hundred feet, and that whenever a truck of the size of that of the defendant is at night in such a condition on the highway that it cannot be operated it shall display emergency lights visible for at least two hundred feet. General Statutes, § 1598 (c); Cum. Sup. 1935, § 611c. These provisions indicate that in the judgment of the Legislature when a truck is stopped at night upon a highway under such conditions as were here present something more is needed to protect other users of the highway than reflectors, and even if the trial court's finding that there were no reflectors on the truck should be stricken out it would not establish that the plaintiff was guilty of contributory negli-

gence. A material factor in determining whether the plaintiff was negligent was the right which the plaintff had to assume that others using the highway would exercise ordinary care and that a five-ton truck would not be parked in a dark spot upon the traveled way without the safe-guards the Legislature has required to warn approaching traffic of its presence. *Kapilonuz* v. *Sundman,* 123 Conn. 214, 217, 193 Atl. 749. The instant case is very similar upon its facts to that of *Rice* v. *Foley,* 98 Conn. 372, 373, 119 Atl. 353, and is to be governed by the same principles.

There is no error.

In this opinion the other judges concurred.