IDA BAUM *v.* WINIFRED O. ATKINSON ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 2—decided December 7, 1938.

*Charles H. Blackall,* for the appellant (defendant Atkinson).

*DeLancey Pelgrift,* with whom, on the brief, was *M. J. Blumenfeld,* appeared for the appellant (defendant Baum).

*Samuel H. Friedman,* with whom was *Moses A. Berman,* for the appellee (plaintiff).

BROWN, J. The plaintiff was a passenger in the automobile driven by her husband, the defendant Joseph Baum, which was run into from behind by the automobile owned and driven by the defendant Atkinson. The jury rendered a verdict for both defendants. The sole question upon this appeal is whether the court erred in granting the plaintiff's motion to set this verdict aside. The jury could reasonably have found these facts. The plaintiff was a passenger in a sedan automobile being driven westerly along Asylum Avenue in Hartford by the defendant Baum at about midnight on January 12, 1938. He drove through the intersection of Woodland Street at between twenty and twenty-five miles an hour, and proceeding down the slight grade just beyond was well over toward the curb on his right and slowed to six or seven miles an hour, when the collision occurred about one hundred feet west of the intersection. He did not know whether any car was following him but gave no signal to indicate the slackening of the speed of his car. The defendant Atkinson in her coupe had been following the Baum car for a considerable distance, keeping about fifty feet behind it, and continued in the same relative position directly behind it after passing the intersection.

As she proceeded, upon observing by the red light on the Baum car that she had come within thirty-five feet of it, she first realized that it was slackening its speed and that it was necessary for her to do something

to avoid it. Although there was ample room to pass to the left, when she tried to do so she gained upon it so rapidly that she found it necessary to apply the brakes of her car to check its speed. She did so. This caused her car to skid for a distance of ten to fifteen feet, and it bumped into the rear of the Baum car with sufficient force to injure the plaintiff. At the time, the roadway was slippery by reason of five inches of fresh wet snow which had fallen since 7 o'clock that evening, snow was still falling heavily, and the visibility was very poor. The rear of the Baum car was so covered with snow that the defendant Atkinson was unable to discern its outline as she followed along behind it just before the collision, although her windshield wiper was working properly and her headlights were shining brightly. She knew that the roadway was slippery, but had had no previous occasion to stop her car, and it was equipped with tires with good treads.

By her complaint the plaintiff claims in substance that the defendant Atkinson was negligent in driving her car at an unreasonable speed, in failing to maintain a reasonable lookout, and in failing to control her car and avoid colliding with the Baum car. Upon determining the facts which it could properly find as already recited, the jury were clearly warranted in concluding that under the circumstances this defendant was negligent neither as to her speed nor as to the lookout she maintained. They were also justified in concluding that she was not negligent in controlling her car and in failing to avoid the collision. Utilizing the most pertinent facts above, the jury could reasonably have concluded that: when but thirty-five feet away she first discovered that the car ahead was slowing down; she then tried to turn left to avoid it, but finding that at the speed her car was traveling she was overtaking it

so rapidly she must reduce her own speed, to accomplish her purpose she applied her brakes; and that in acting as she did she exercised reasonable care under the circumstances. The skid of from ten to fifteen feet ensued and ended in the collision. The skidding of a car is not negligence per se, but only when due to the legal fault of the driver. *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 668, 136 Atl. 567; *Porpora* v. *New Haven,* 122 Conn. 80, 85, 187 Atl. 668. The jury were warranted therefore in concluding that the skid which brought about the collision did not constitute negligence on the defendant Atkinson's part, and that the accident resulted from the unusual weather conditions and was unavoidable.

The sole negligence attributed by the plaintiff to the defendant Baum was his failure to signal before reducing the speed of his car, as required by General Statutes, Cum. Sup. 1935, § 637c. Upon the facts which the jury could properly have found, it was a question for their determination whether, even though this defendant had given the signal required by the statute, the defendant Atkinson could have seen it in view of the weather conditions (*Barry* v. *Leiss,* 109 Conn. 484, 488, 147 Atl. 180), or even if she had seen it would have been able to stop sooner than she did. Since they could reasonably have resolved this issue in the negative, any negligence of Baum in failing to signal would become immaterial, as not a substantial factor in producing the accident. The jury's verdict in his favor was therefore a proper one.

There is error, and judgment is directed to be entered for the defendants upon the verdicts.

In this opinion the other judges concurred.