## S. Louis Mastorgi *v.* Valley View Farms, Inc.

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued October 2—decided October 30, 1951

*J. Ronald Regnier,* with whom was *William R. Moller,* for the appellant (defendant).

*John J. Casale*, for the appellee (plaintiff).

BROWN, C. J. The plaintiff brought this action for personal injuries and for damage to his automobile sustained in a head-on collision with the car of the defendant. The court rendered judgment in favor of the plaintiff and that he recover $663.04 on the ground of the defendant's negligence. The defendant has appealed.

We summarize the material facts found by the court which are not subject to correction. Shortly after midday on June 12, 1947, the plaintiff was driving his coupe southerly on the Harwinton-Terryville Road. The defendant's agent was then operating its station wagon northerly along this highway. The two cars collided head on near the crest of a knoll where the crowned macadam road was about seventeen feet wide. As the plaintiff approached the crest at from twenty to twenty-five miles per hour, he first caught sight of the top of the defendant's car some fifty feet away as it came into view ascending the slope from the south. The plaintiff's left wheels were then about two feet to the east of the middle line of the road, but that was a reasonable operation of his car under the circumstances. Prior to, and at the time of the collision, the defendant's car was being operated partly on the west half of the road. There was no white line marking the middle. As soon as the plaintiff saw the defendant's car he applied his brakes and turned his coupe to the right in a vain effort to avoid a collision. His braked wheels left tire marks eight feet in length leading toward the point of impact. The left front of the defendant's car struck the left front of the plaintiff's car. At the time of the impact the left side of the plaintiff's car was one and one-half feet to the east of the middle

of the road. The defendant's car was being driven at a high and dangerous speed.

The court concluded that the plaintiff was free from negligence; that the defendant's car was operated at a high and unreasonable speed and was not under reasonable or proper control; that owing to this speed and lack of control the plaintiff was not afforded a reasonable time to shift the course of the left wheels of his car by two feet, from the east to the west half of the road; and that the damage to the plaintiff's car was due solely to negligence of the defendant in the respects recited above.

"Ordinarily a conclusion of negligence or of freedom from it is one of fact. The reason is that 'the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier. . . .' *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, 22 id. 544." *Skovronski* v. *Genovese*, 124 Conn. 482, 483, 200 A. 575. The issue of proximate cause likewise usually presents a question of fact for the trier. *McDowell* v. *Federal Tea Co.*, 128 Conn. 437, 440, 23 A. 2d 512. Though the defendant makes a wholesale attack upon the court's conclusions, but one of its contentions merits discussion. This is that, because a part of the plaintiff's car was to his left of the middle of the road at the time of impact, he was contributorily negligent as a matter of law and therefore his right to recover is barred. The defendant predicates this upon a claimed violation of the provision of § 2489 of the General Statutes that "Any person, when driving . . . a vehicle on the highway, who shall meet any person . . . operating a vehicle in the traveled portion of such highway, shall reduce the speed when reasonable care shall require and seasonably turn to

the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to proceed." The burden of proving contributory negligence was on the defendant. General Statutes § 7836.

While it is true that a violation of § 2489 would constitute negligence, its language, as is manifest, imposes no general prohibition against driving in the middle of the road. It merely provides that, when another vehicle is approaching, one so driving shall do as prescribed. This includes seasonably turning to the right so as to give to the person met half of the traveled portion of the highway, "if practicable." The qualification quoted relates both to the physical condition of the highway and to situations created by the person met, such as his invasion of the operator's right side of the road not only of itself but in conjunction with other circumstances. "An act is practicable if conditions and circumstances are such as to permit its performance or to render it feasible. To be 'feasible' is to be capable of being successfully done or accomplished." *Gilmartin* v. *D. & N. Transportation Co.*, 123 Conn. 127, 133, 193 A. 726. In determining whether the conduct of the plaintiff measured up to this standard, the court was bound to take cognizance of the principle that he was entitled to assume that the driver of the other vehicle would comply with the law until in the exercise of reasonable care he should have discovered the contrary. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 596, 169 A. 613; *Podziewski* v. *Gaumond*, 124 Conn. 157, 159, 198 A. 569; *Johnson* v. *Shattuck*, 125 Conn. 60, 63, 3 A. 2d 229. It is so, however, that when, as in this case, the contour of the terrain interferes with a driver's view of the road ahead, at what point, if any, reasonable care under the circumstances requires the driver to keep on his right half of the road

must be decided in passing upon the issue of his negligence. This presents primarily a question of fact for the trier's determination. Applying these principles in testing the plaintiff's conduct, we cannot say that the court was unwarranted, upon the facts found, in reaching its conclusion that the plaintiff was free from contributory negligence. As we have already intimated, it was also fully justified in arriving at its other conclusions.

There is no error.

In this opinion the other judges concurred.