EDWARD G. EDDY ET AL. *v.* LIQUOR CONTROL COMMISSION

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 3—decided February 26, 1952

*Robert B. Eddy*, with whom, on the brief, was *Aaron P. Slitt*, for the appellants (plaintiffs).

*William L. Beers*, deputy attorney general, with whom, on the brief, was *George C. Conway*, attorney general, for the appellee (defendant).

INGLIS, J. The named plaintiff operates a drugstore for which a druggist liquor permit, naming the other plaintiff as permittee, has been issued. On November 11, 1950, the liquor control commission suspended the permit for a ten-day period on the ground that the plaintiffs had failed to keep all alcoholic liquors in locked compartments during the hours when the sale of liquors is prohibited by law. The Court of Common Pleas rendered judgment dismissing an appeal from that order and the plaintiffs have appealed to this court.

The statute which controls is § 4257 of the General Statutes. This is the section which authorizes the issuance of druggist liquor permits. It reads, in part, as follows: "The holder of a druggist permit shall not sell any alcoholic liquor for beverage purposes on the day of any state or municipal election, on Sunday, Good Friday or Christmas, nor on any other day before eight o'clock in the morning and after eleven o'clock in the evening. Such permittee shall keep all alcoholic liquors in compartments, which compartments shall be securely locked except during those hours when the sale of liquors shall be permitted by law."

Admittedly, the plaintiffs did not keep their stock of liquor in locked compartments when the sale of liquors was not permitted. It was kept in the store on open shelves with no locking device. It was their practice,

however, to close their entire drugstore during all of the time when sales of liquor under a druggist permit were prohibited. Their claim is that such a practice is a compliance with the requirements of the statute.

To substantiate this claim they rely upon two canons of statutory interpretation, (1) the canon that in case of ambiguity the real expressed intent of the legislature must prevail over the literal meaning of the words used and (2) the canon that, even when there is no ambiguity, if the statute, literally read, results in an absurdity, the court may, in some instances, by way of interpretation so restrict its application as to avoid the absurdity. Neither of these canons is applicable to the construction of the statute now before us. It requires that all alcoholic liquors shall be kept in compartments, which compartments shall be securely locked except during those hours when the sale of liquors shall be permitted by law. There is no ambiguity in this provision. It could hardly be plainer. Neither does it lead to an absurdity. There is nothing absurd in the requirement. The real claim of the plaintiffs is that the court should add another and different safeguard to that prescribed by the General Assembly. This it may not do. *Mad River Co.* v. *Wolcott*, 137 Conn. 680, 688, 81 A. 2d 119; *Evans* v. *Administrator*, 135 Conn. 120, 124, 61 A. 2d 684; *McManus* v. *Jarvis*, 128, Conn. 707, 711, 22 A. 2d 857; *State* v. *Nelson*, 126 Conn. 412, 416, 11 A. 2d 856; *Lee Bros. Furniture Co.* v. *Cram*, 63 Conn. 433, 438, 28 A. 540; *Folsom* v. *United States*, 160 U. S. 121, 127, 16 S. Ct. 222, 40 L. Ed. 363; Crawford, Statutory Construction, p. 269. The plaintiffs' practice of locking their store did not constitute a compliance with the requirements of the statute.

Since the plaintiffs were acting in violation of the statute, it was competent for the liquor control commission in its discretion to suspend their permit. Gen-

eral Statutes § 4272; *Kania v. Liquor Control Commission*, 137 Conn. 327, 328, 77 A. 2d 87. The appeal was properly dismissed.

There is no error.

In this opinion the other judges concurred.