ROSE ZEGARSKI *v.* VERNAL HORTON ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 6, 1962—decided January 3, 1963

*David M. Reilly, Jr.,* for the appellant (named defendant).

*Noel R. Newman,* with whom, on the brief, was *Edgar W. Krentzman,* for the appellant (defendant Antonak).

*Millard Kaufman,* for the appellee (plaintiff).

ALCORN, J. The plaintiff brought this action against the defendant Vernal Horton, driver of an automobile in which the plaintiff was riding, and the defendant Edward Antonak, driver of an automobile which collided with the rear of the Horton vehicle, to recover damages for personal injuries claimed to have resulted from the collision. The jury rendered a verdict against both defendants. Both defendants moved to set aside the verdict, and the court denied both motions. Each defendant appealed from the judgment rendered on the verdict.

Antonak assigns error only in a ruling on evidence. Horton assigns error in the denial of the motion to set aside the verdict, in the failure of the court to charge as requested and in portions of the charge as given. In our view of the Horton appeal, it is necessary to consider only the errors assigned in the charge.

The material facts are as follows: On the late afternoon of October 15, 1956, the plaintiff was a passenger in the car which Horton was driving on an entrance ramp to the Merritt Parkway in Trumbull. The roadway was dry, the weather was clear and visibility was good. Horton stopped his vehicle in obedience to a stop sign located on the entrance ramp and remained standing for a few seconds. Antonak drove his car onto the entrance ramp behind Horton and stopped five or six feet behind the Horton vehicle. The stop sign was approximately twenty-five feet from the paved portion of the parkway, and a view of approaching traffic on the parkway was limited by a grade, a curve and an embankment. While stopped, Horton looked to the left for approaching traffic on the parkway and, observing none, started forward to enter the parkway. As Horton proceeded, he continued to watch for approaching vehicles, and when one appeared traveling fast, Horton applied his foot brake and stopped his vehicle a second time, about six feet from his original stopping point. The Horton vehicle was equipped with signal lights on the rear which lighted when the brakes were applied. When Antonak saw the Horton car start forward, he looked to his left for traffic on the parkway and, seeing none, started his vehicle forward also. As he drove, Antonak continued to look to his left and saw a vehicle or vehicles approaching on the park-

way at an estimated speed in excess of the fifty-five mile an hour posted limit. Antonak applied his foot brake but collided with the rear of the Horton vehicle almost simultaneously with Horton's second stop. The plaintiff claimed to have been injured as a result of the collision.

The plaintiff, in her complaint, alleged that Horton was negligent in failing to keep a proper lookout for vehicles behind him, in failing to keep his vehicle under proper control and in failing to give any warning or signal of his intention to stop. She alleged that Antonak was negligent in failing to keep his vehicle under proper control, in failing to keep a proper lookout, in looking in a direction other than forward, in traveling at excessive speed and in following the Horton vehicle too closely.

It was Antonak's claim at the trial that Horton started forward abruptly and at a fast speed after stopping at the stop sign, thereby indicating to Antonak an intention to enter the stream of traffic on the parkway, and that Horton made his second stop with the front portion of his vehicle on the parkway. Antonak claimed that the collision was due to Horton's negligence. Horton claimed that he made his second stop because of an emergency caused by the appearance of fast moving vehicles on the parkway, that Antonak was negligent in that he did not see the Horton car from the time it started to move from the stop sign until the time of the collision, and that Antonak was driving unreasonably close to the rear of Horton's car.

We turn first to the ruling on evidence assigned as error in Antonak's appeal. The investigating police officer had prepared a sketch from the information obtained in conversations with the defendants at the scene of the accident and, at the time

of the trial, had no independent memory of the matters recorded in it. On the ground of past recollection recorded, the officer, on recross-examination by counsel for Antonak, was asked, in substance, whether the sketch showed that about one-third of the length of the Horton car was on the parkway at the time of the collision. Counsel for Horton objected, and the court excluded the question. We need not discuss the correctness of the ruling because it was harmless in view of the fact that the officer had already testified without objection that his sketch indicated that the front of the Horton car was on the traveled portion of the parkway at the time of the collision. The extent to which the car protruded onto the parkway was unimportant. Since the ruling was harmless, it would not be reversible error even if incorrect. *Lancaster* v. *Bank of New York,* 147 Conn. 566, 571, 164 A.2d 392; *Guerrieri* v. *Merrick,* 145 Conn. 432, 434, 143 A.2d 644; *State* v. *Dortch,* 139 Conn. 317, 326, 93 A.2d 490.

We turn now to the Horton appeal. It appears from the finding that in the plaintiff's opening argument counsel stated no claims as to liability and made no comment on evidence relating thereto, but reserved those matters for his closing argument. After the arguments were completed and before the court charged the jury, counsel for Horton objected that in the argument Antonak's counsel had injected into the case the claim that Horton was negligent in confusing Antonak by making "a false start and stop," and that the plaintiff in rebuttal argument had adopted this claim without Horton's having had an opportunity to meet it. Thereupon, Horton's counsel requested the court to instruct the jury that they could not render a verdict against

Horton except on the claims set forth in the complaint. The court did, in substance, charge as requested. However, in discussing the allegation in the complaint that Horton failed to have his vehicle under proper control, the court stated: "The plaintiff testified that he stopped suddenly and it is so alleged in the complaint and she claims that this indicated that he did not have his car under proper control." In fact, the making of a sudden stop was not one of the acts of negligence alleged. The court, in concluding its discussion of the element of control, told the jury that reasonable and proper control required a driver to reduce speed, stop or turn out when reasonable care required or "do many other things which may occur to you which a driver would be required to do in the exercise of reasonable care while he is operating a motor vehicle on the highway." At the conclusion of the charge, counsel for Horton excepted on the ground that the court had expanded the issue of control to include a claim of negligence based on an unreasonable start or stop, and that, by stating that a sudden stop was alleged as a ground of negligence, the charge failed to confine the jury to a consideration of the negligent acts alleged.

Among the written requests to charge filed by Horton was one with respect to § 14-240 of the General Statutes, relating to a driver of a motor vehicle following another vehicle more closely than is reasonable. The request was that the court charge the jury that it was Antonak's duty to obey the statute and that Horton had the right to assume that Antonak would obey it. This request, although not correctly phrased, was adequate to alert the court to the principle involved. The court, however, gave the jury no instructions concerning the right of a

driver to rely on another driver's observance of applicable statutes. It said only that "[a] person also is entitled to assume that other persons will conduct themselves with reasonable care unless or until that person knows or in the exercise of care should have known that such an assumption is unwarranted." Subsequently, the court gave the jury the substance of § 14-240 and then, concerning it, commented: "[T]hey both stopped, and then Horton started up again and then after Horton started Antonak started and Antonak took his eyes off from the front at least for a short length of time to look to see what was coming on from the left and then he ran into the rear of the car. Now, whether this particular statute of following too closely was particularly involved in this accident is for you to determine on the facts as you find them to be. The statute is there and you know what happened. It does not appear from the evidence that the Antonak car had been following in back of the Horton car for any great length of time."

· The plaintiff claimed to have proved that Horton, after stopping at the stop sign, moved forward a very short distance and suddenly stopped again while watching for vehicles approaching from his left; and that Antonak, directly behind Horton, having seen the Horton car start forward, proceeded to follow it while looking to his left rather than in the direction in which he was traveling and did not see the Horton car stop the second time. Upon these claims of proof, and in view of the allegation in the complaint that Horton failed to keep a proper lookout for vehicles behind him, as well as Horton's claim of a sudden emergency as the reason for his second stop, it was essential that the jury have before it the proper tests to be applied in judging

Horton's conduct. One of the factors to be considered by the jury was the rule that Horton had the right to assume, until he knew or should have known to the contrary, that Antonak was not following too closely in violation of the statute. *Messier* v. *Zanglis,* 144 Conn. 449, 453, 133 A.2d 619; *Service Fire Ins. Co.* v. *Brodner,* 130 Conn. 223, 225, 33 A.2d 138; *Kleps* v. *Dworkin,* 127 Conn. 648, 651, 19 A.2d 421. Another factor was the fact that the making of a sudden stop was not alleged in the complaint as an act of negligence on his part. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826; *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303, 199 A. 646. The effect of the charge, on the contrary, was to submit for the jury's consideration an act of negligence on Horton's part which was not alleged in the complaint, and to omit from the factors to be considered in evaluating Horton's due care his right to assume that Antonak would obey § 14-240 by not following more closely than was reasonable under the circumstances. These elements were so vital to Horton's defense that the charge with respect to them constitutes reversible error. *Chodes* v. *Clark Seed Co.,* 95 Conn. 263, 266, 111 A. 58.

There is no error in the Antonak appeal; there is error in the Horton appeal, the judgment is set aside and a new trial is ordered as to him solely upon the issue of liability; if, upon this issue, a verdict is rendered finding him liable, judgment is to be rendered that the plaintiff recover the amount of damages found due the plaintiff in the judgment appealed from; but if, upon this issue, a verdict is rendered that he is not so liable, then judgment is to be rendered finding the issues for him.

In this opinion the other judges concurred.