Pompeo Labbadia et al. *v.* Robert F. Bailey et al.

The Noyes School of Rhythm, Inc., et al. *v.* Robert F. Bailey et al.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued October 14—decided November 19, 1964

*Samuel N. Allen,* with whom was *David M. Royston,* for the appellants (named defendant et al.) in each case.

*George C. Hastings,* with whom was *Colin C. Tait,* for the appellees (named plaintiff et al. in the first case and plaintiffs in the second case).

I

KING, C. J. Judgment for the plaintiffs in each of these two cases, which were tried together, was reversed and a new trial ordered in *Labbadia* v. *Bailey,* 147 Conn. 82, 157 A.2d 237. A second trial was had but on amended complaints. In the Labbadia case, judgment was rendered in favor of the plaintiffs Pompeo and Maria Labbadia against the defendants River Road, Inc., and Robert F. Bailey. In the Noyes case, judgment was rendered in favor of the plaintiffs, The Noyes School of Rhythm, Inc., and The Noyes School of Rhythm for Children, Inc., against the same two defendants as in the Labbadia case. From the judgment in each case an appeal was taken. Although the cases were tried together in the Superior Court and were argued together on appeal in this court, a separate record was printed in each case.

The factual background of these cases is set forth in the opinion in the first appeal and need not be

repeated. In each case, on the retrial, the amended complaints claimed damages for, and injunctive relief against, the operation and maintenance of the dam and its outflow pipe in such an unreasonable manner as to cause an unreasonable lowering of the water in the lake which in turn was also claimed to have created a nuisance. These causes of action were predicated on the rule of cases such as *DeWitt* v. *Bissell,* 77 Conn. 530, 535, 60 A. 113; *Taft* v. *Bridgeton Worsted Co.,* 237 Mass. 385, 389, 130 N.E. 48; c.c. 246 Mass. 444, 141 N.E. 119; notes, 13 A.L.R. 932, 29 A.L.R. 1325.

In the Labbadia case there was also a claim for damages for, and injunctive relief against, the violation of a covenant to repair and maintain the dam. This covenant is quoted in full in *Labbadia* v. *Bailey,* supra, 87. The defendant Bailey was held liable as the principal owner, and in active control, of the corporate defendant, River Road, Inc., which was the successor in ownership of the original covenantors, who were the owners of the land on which the dam stood. This appeal does not call in question Bailey's liability if River Road, Inc., was properly held liable.

The attacks on the finding, except on the issue of damages in the Labbadia case, are not covered in the defendants' brief in either case and consequently must be treated as abandoned. This, in effect, was conceded by the defendants' counsel in oral argument.

## II

We shall consider the Labbadia case first. The defendants admit that the covenant runs with the land and is enforceable by the plaintiffs, according to its terms, against the defendants. But they claim

that the covenant applied to the dam as it existed when the covenant was given, in 1947, and that since that time the dam, pursuant to the orders of the state water resources commission, has been extensively enlarged and strengthened so that it is, in practical effect, a new dam. From this position they argue that the dam is no longer the dam referred to in the covenant and, consequently, that the covenant has necessarily become inoperative. It is important to note that no claim is made that the height of the spillway, which is the effective height of the dam, has been altered, although the width of the dam and also that of the spillway have been increased. Thus, the "level" of the dam has been maintained without change, in conformity with the terms of the covenant.

The burden of the covenant has increased because of a valid exercise of the police power of the state through its agency, the water resources commission, in requiring a larger and stronger dam to safeguard the lives and property of lower riparians. But the water resources commission has not ordered the demolition of the dam, nor any change in the level of the spillway. Indeed, the dam, as repaired and strengthened, appears now to be in conformity with the commission's requirements except for the installation of a control gate in the outflow pipe, a comparatively minor matter. Under the covenant, the dam is still required to be kept in repair and its level maintained, and no inconsistency exists between the covenant and the orders of the water resources commission. See *Labbadia* v. *Bailey*, supra, 88. The case of *Wilcox Mfg. Co.* v. *Brazos*, 74 Conn. 208, 211, 50 A. 722, on which the defendants place great reliance, does not support their claim. In that case, a contract to replace a

dam, pursuant to specifications which would make the dam illegal under a statute, was held unenforceable. In this case, the covenant was to repair the dam and to maintain its level. There was nothing illegal about these requirements. The covenant remains fully enforceable by the plaintiffs according to its terms.

The defendants claim error in the terms of the injunction because it "has deprived . . . [them] of their right to destroy the dam." The covenant "was twofold, (a) to keep the dam in repair, and (b) to maintain the level of the dam". *Labbadia* v. *Bailey, supra,* 87. Obviously, each of these requirements is necessarily irreconcilable with any right in the defendants to destroy the dam. This claim of error is groundless as to the plaintiffs Labbadia.

The defendants claim that there was no support in the finding for any conclusion of violation or threat of violation of the rights of the plaintiffs at the time of trial, and that absent such facts injunctive relief should not have been granted.

It is true that the extraordinary remedy of an injunction should not be granted without good reason, and if granted at all it should be granted on the situation as it exists at the time of trial. However, "past conduct may be considered in determining, at the time of trial, the probability of future conduct warranting injunctive relief." *Holt* v. *Wissinger,* 145 Conn. 106, 115, 139 A.2d 353. The defendant Bailey was in control of, and personally performed or caused to be performed, the acts of the corporate defendant, River Road, Inc., as owner of the dam. The finding sets forth a course of conduct by the defendant Bailey which fully warranted the granting of the injunctive relief against each defendant.

The defendants' final claim is that the award of damages against them is without support in the finding, if properly corrected. The finding that the value of the plaintiffs' land decreased $5000, because of the low water level and the uncertainty of water in the future, is unattacked. The court also found that as a consequence of the low water level and the uncertainty of water in the future the plaintiffs were unable to collect rent for the year 1959 and thereby lost $1800. While this finding is attacked as found without evidence, there was evidence from which the court could draw the inference that the plaintiffs could not have collected the $150 monthly rental for the restaurant premises, which they had received through 1957, because the lack of water in the lake kept people away. There was evidence that the plaintiffs in fact received no rent in 1959. The defendants' claim that the finding, if properly corrected, would not support the judgment in damages in the amount of $6800 is without merit.

We find no error in the Labbadia case.

## III

We now turn to a consideration of the Noyes case. The defendants claim, as they did in the Labbadia case, that there was nothing in the finding to indicate that at the time of trial they were violating, or were threatening to violate, the rights of the plaintiffs, and that consequently there was no basis for the granting of an injunction. For the reasons hereinbefore set forth, this claim is without merit.

In this case, as in the Labbadia case, the claim is made that the terms of the injunction were erroneous in that they deprived the defendants of

their right to destroy the dam. There is an unfortunate lack of clarity in the terms of the injunction on this point, but it is susceptible of the construction put upon it by the defendants. See *Labbadia* v. *Bailey,* 147 Conn. 82, 86, 157 A.2d 237. The covenant had no connection with these plaintiffs, and they have no rights under it. This is a vital difference between the two cases. The plaintiffs in this case were entitled to protection, while the dam was maintained by the defendants, against the unreasonable regulation of the waters of the lake through the manipulation of the dam or its outflow gate. But the plaintiffs have established no basis for any claim that these defendants were under a duty, at their own expense and risk, to maintain the dam for the use and benefit of the plaintiffs. In the first trial, this same obligation was claimed to have been acquired by the plaintiffs by prescription. That claim was repudiated by this court. *Labbadia* v. *Bailey,* supra, 89; 3 Farnham, Waters and Water Rights, pp. 2400-2407. On this appeal the plaintiffs state their claim in their brief as follows: "[t]he defendants do not have to maintain or repair the dam for these plaintiffs, but they [defendants] cannot destroy it". There is nothing to indicate any rights, either legal or equitable, in these plaintiffs to prevent the defendants from abandoning the dam if they see fit. See *Schroder* v. *Battistoni,* 151 Conn. 458, 462, 199 A.2d 10. In the absence of such rights, the privilege of abandonment, together with the right, upon abandonment, to destroy the dam to avoid injury to lower riparians and other members of the public, is supported by principle and the weight of authority. *Labbadia* v. *Bailey,* supra, 89; *Gager* v. *Carlson,* 146 Conn. 288, 292, 150 A.2d 302; *Taft* v. *Bridgeton Worsted Co.,* 237 Mass. 385, 389,

130 N.E. 48; *Powers* v. *Lawson,* 86 R.I. 441, 446, 136 A.2d 613; note, 88 A.L.R. 130, 136; 56 Am. Jur., Waters, § 159.

Nor is there anything in *Adams* v. *Manning,* 48 Conn. 477, 489, a case on which the plaintiffs seem to rely, which supports the plaintiffs' claim. That case was brought by lower riparians against the owners of a dam used as a storage reservoir for their mill, seeking injunctive relief against the unreasonable detention and release of the stored water through unreasonable manipulations of the outflow gate. The injunction directed by this court in that case specifically provided that it was to run "so long as . . . [the defendants] maintain the . . . dam described in the petition". *Adams* v. *Manning,* supra, 490.

In a subsequent, related case, reported under the same name, injunctive relief was sought against the wilful removal, by the defendants, its owners, of the same dam described in the first case, a dam which impounded the water in the storage reservoir serving both the defendants and the plaintiff, who was a lower riparian. In the second case it was held, on the particular facts, that the plaintiff actually owned an equitable interest in the dam. *Adams* v. *Manning,* 51 Conn. 5, 7. In the instant case, there are no facts indicating any ownership on the part of these plaintiffs, or either of them, of any interest, whether legal or equitable, in the defendants' dam. Nothing in the second *Adams* case gives support to this claim of the plaintiffs in the present case.

There was error in the court's failure clearly to condition the injunction in the Noyes case, along the lines of the condition quoted from the opinion in the first *Adams* case, to be effective "so long as . . . [the defendants or either of them] maintain

the . . . dam described in the petition". The judgment must be corrected in this respect so as to permit the destruction of the dam by the defendants, so far as the plaintiffs in the Noyes case are concerned, if the defendants in good faith decide to abandon the dam.

## IV

There is no error in the Labbadia case; there is error in the form of the judgment in the Noyes case, the judgment is set aside and the case is remanded with direction to render judgment in conformity with this opinion.

In this opinion the other judges concurred.