MILDRED B. MADENFORD, EXECUTRIX (ESTATE OF STUART J. MADENFORD) *v.* THE INTERSTATE LUMBER AND MILL CORPORATION OF STAMFORD ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 4—decided July 21, 1965

*John C. Macrides,* with whom, on the brief, was *Donald F. Zezima,* for the appellant (plaintiff).

*Gregory C. Willis,* with whom was *J. Steven Rollings,* for the appellees (defendants).

SHANNON, J. This is an appeal from a verdict and judgment in favor of the defendants. The plaintiff, as executrix of her husband's estate, instituted a wrongful death action. Her decedent was killed when his automobile crashed into the rear of the named defendant's truck and a piece of lumber protruding therefrom penetrated his skull. The truck was parked on the right-hand side of the road with its right wheels about two and one-half feet from the curb. Under § 14-251 of the General Statutes its right wheels should have been within twelve inches of the curb. The main issue on this appeal is whether or not the court erred in not setting aside the verdict for the defendants as contrary to the law and the evidence.

The jury could have found the following facts: On the morning of January 21, 1963, the plaintiff's decedent departed from his home in Old Greenwich for work in a Volkswagen automobile. He wore glasses, which were found unbroken on the right front floor of his car after the accident. He had been driving to his work in Stamford from Old Greenwich over the same route for twelve years. On the morning in question he was observed nearing the bottom of a hill on Selleck Street in Stamford, traveling at a speed of approximately thirty to thirty-five miles per hour in a twenty miles per

hour zone. His car was three or four feet from the curb. At that time the plaintiff's decedent was seen bent forward with his head resting on the steering wheel. The brakes of the car were not applied as the decedent hit the lumber and the named defendant's truck. At the moment of impact the right side of the Volkswagen was about two and two-thirds feet from the curb. A Volkswagen automobile is a little over five feet in width. The plaintiff's decedent sustained no injuries which could have caused his death other than the penetration of his skull by the lumber. Selleck Street was forty-two feet wide where the truck was parked. The overall width of the truck was seven and one-half feet at its rear end so that its left side was about ten feet from the curb.

The plaintiff claims that the defendants were negligent as a matter of law because of a statutory violation and that this negligence was a proximate cause of the death of the plaintiff's decedent. The only negligence claimed to have been proven was the parking of the truck more than twelve inches from the curb in violation of General Statutes § 14-251. The court correctly charged the jury that a violation of this statute was negligence as a matter of law, but that to be actionable it must be proven to have been a proximate cause of the decedent's injury. *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 159, 157 A.2d 914; *Longstean* v. *Owen McCaffrey's Sons*, 95 Conn. 486, 494, 111 A. 788. On the plaintiff's own claims of proof it is obvious that the Volkswagen would have collided with the truck even if the truck had been parked within twelve inches of the curb. The jury were not required to find that the plaintiff had sustained her burden of proving that the statutory

violation constituted a proximate cause of the decedent's death. Thus, the court was not in error in refusing to set aside the verdict for the defendants.

There is no merit to any of the exceptions taken to the court's charge. The plaintiff filed thirty-nine requests to charge, many of which the court incorporated in its charge. Read as a whole, as it must be, the charge was adequate to fairly present the issues to the jury. *Jacobs* v. *Swift & Co.*, 141 Conn. 276, 280, 105 A.2d 658. The plaintiff is not entitled to any material changes in the finding, and the requested review of rulings on evidence is not considered since there has not been a compliance with § 648 of the Practice Book.

There is no error.

In this opinion the other judges concurred.