## Ann L. Busko v. August DeFilippo

House, C. J., Thim, Ryan, Shapiro and Loiselle, Js.

Argued December 7, 1971—decided March 1, 1972

*Serge G. Mihaly,* with whom were *Joseph Mihaly* and, on the brief, *William J. McGrath,* for the appellant (plaintiff).

*Richard A. Jontos,* for the appellee (defendant).

LOISELLE, J.   The plaintiff Ann Busko brought this action to recover damages for injuries and property damage she had suffered when her motor vehicle struck a telephone pole.   She alleged that the defendant's negligence had caused these injuries

and property damage. The defendant denied the allegations of negligence and pleaded contributory negligence on the part of the plaintiff. A jury returned a verdict for the defendant and the plaintiff appealed.

The plaintiff's assignments of error which are pursued in her brief relate solely to the trial court's instructions to the jury. The correctness of the charge is determined by the claims of proof of the parties. Practice Book § 635; *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 180, 268 A.2d 384; *Levett* v. *Etkind,* 158 Conn. 567, 569, 265 A.2d 70. Relevant to these assignments are the claims of proof which follow. At approximately one hour before sunrise on October 14, 1963, the plaintiff was operating her motor vehicle in a southerly direction on Madison Avenue, a two-way street in the town of Trumbull. As she was traveling, she reached a point where the road had an upgrade and a curve to her right. When she had rounded the curve, she was blinded by lights which were directly in front of her. Thinking that these lights came from a car traveling in its proper lane and that she was in the wrong lane, the plaintiff turned to her right to avoid the car. She then saw a telephone pole in her path and immediately turned to her left to avoid it. The right side of her vehicle, nevertheless, came in contact with the pole and she suffered the injuries and damages for which she seeks recovery. The lights, which appeared to the plaintiff to be in her path, belonged to the defendant's milk truck. It was parked "on the wrong side of the road," facing north, partially in a driveway and partially on the westerly shoulder of the southbound lane of Madison Avenue, with its headlights lighted and directed toward vehicles approaching in the southbound lane.

The defendant claims that the plaintiff's headlights were lighted; that she could see between 400 to 500 feet in front of her; that there was 335 feet of unobstructed, straight road north of the defendant's parked vehicle; that the plaintiff admitted traveling thirty-five to forty miles per hour in a twenty-five-mile-per-hour speed zone; and that the headlights on the defendant's truck were not on high beam.

The plaintiff assigns error in the court's refusal to charge that the defendant's violation of General Statutes § 14-251, regulating the parking of motor vehicles on public highways, was a proximate cause of the collision as a matter of law; in the court's charge on the applicability of General Statutes § 14-87, concerning lights on standing vehicles; and in the court's failure to instruct the jury that the issue of contributory negligence should not be considered. The assignments of error directed to the court's refusal to set aside the verdict and order judgment notwithstanding the verdict have not been briefed and are considered abandoned. *Mendez* v. *Mendez,* 160 Conn. 237, 239, 278 A.2d 795; *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

During the course of the trial, the defendant admitted that it was dangerous to leave his vehicle standing on the westerly shoulder of the street facing north, with the headlights facing southbound traffic. The court considered this testimony as a judicial admission and charged the jury that the defendant admitted violating § 14-251, as alleged in the complaint, and that the violation constituted negligence in and of itself. Whether this admission is a judicial admission or evidence to be considered by the jury need not be discussed, as the defendant assigns no error in this instruction.

The court left the question whether this negligence was a substantial factor in causing the plaintiff's damages for the jury to determine. The plaintiff relies heavily on *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762, in contending that the court erred in not charging that the violation of § 14-251 was the proximate cause of the collision as a matter of law.

The court correctly charged that the violation of the statute, although negligence per se, had to be proven to be a substantial factor in causing the plaintiff's damages before she could recover. *Madenford* v. *Interstate Lumber & Mill Corporation,* 153 Conn. 62, 64, 212 A.2d 588; *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 159, 157 A.2d 914; *Nichols* v. *Watson,* 119 Conn. 637, 640, 178 A. 427. This requirement applies to negligence which results from the violation of a common-law rule as well as a statute. *Moore* v. *Bunk,* 154 Conn. 644, 649, 228 A.2d 510; *Nolan* v. *Morelli,* 154 Conn. 432, 443, 226 A.2d 383. The causal relationship between a negligent act and damage is ordinarily one of fact. *Mastorgi* v. *Valley View Farms, Inc.,* 138 Conn. 313, 315, 83 A.2d 919. "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as matter of fact." *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 591, 53 A.2d 296; *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 30, 266 A.2d 370. That reasonable minds could differ on this issue of causation is apparent. In considering *Mahoney* v. *Beatman,* supra, it must be remembered that in that case the court was the trier of facts and that the discussion concerning the substantial factor test was predicated on the facts found. From the claims

of proof, especially the claim that the plaintiff had unobstructed visibility for at least 335 feet, it would be entirely reasonable to conclude that the location of the defendant's truck was not a substantial factor in causing the injuries and damages claimed. On these facts, it cannot be said that the issue of causation was so far established as to remove reasonable differences of opinion. *Palombizio* v. *Murphy,* 146 Conn. 352, 358–60, 150 A.2d 825.

The plaintiff next claims that the court erred in submitting to the jury the issue of her speed on the question of contributory negligence. She claims that, even though she may have been negligently traveling ten to fifteen miles per hour above the posted speed limit, it was not a substantial factor in causing the collision with the pole. She again relies heavily on *Mahoney* v. *Beatman,* supra, in support of her contention. That reliance is without justification. In the *Mahoney* case, the court, as the trier of fact, found that the plaintiff's speed was not a substantial factor in causing a collision. The court did not imply that the evidence presented would compel the trier to reach only one conclusion on the issue of causation. It is the rare case, especially in the absence of controlling, indisputable, physical facts, in which the jury are precluded from determining contributory negligence on evidence produced within the allegations pleaded. *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370. In the ordinary case, the question of contributory negligence is one of fact. *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470; *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d 685. "It becomes a matter of law only when the conduct involved is manifestly contrary to that of the reasonably prudent man or is plainly and palpably like that of such a man. *Farkas* v. *Halliwell,*

136 Conn. 440, 445, 72 A.2d 648." *Faille* v. *Hollett,* 150 Conn. 397, 400, 190 A.2d 53; *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 79–80, 245 A.2d 129. The plaintiff's traveling at an excessive speed does not fall within either extreme. Because the plaintiff swerved away from the telephone pole when she first observed it and still struck it with the side of her car, a fair and reasonable person could conclude that her excessive speed was a substantial factor in causing the collision. It is true that she might not have hit the pole if the defendant's truck had not been parked near it, but the question here is only whether she contributed to her inability to avoid hitting the pole. It cannot be stated as a matter of law that the plaintiff's speed played no part in producing the accident; *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 611, 198 A. 259; that the collision with the pole would have happened whether or not there was excessive speed; *Madenford* v. *Interstate Lumber & Mill Corporation,* 153 Conn. 62, 64, 212 A.2d 588, *Baum* v. *Atkinson,* 125 Conn. 72, 75, 3 A.2d 305; or that her speed was a static condition so remote as to be inconsequential. *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 A.2d 83; *Smithwick* v. *Hall & Upson Co.,* 59 Conn. 261, 269, 21 A. 924.

The final claim of the plaintiff is that the court erred in charging that § 14-87 applied to the defendant's conduct, when it had charged that the violation of § 14-251 by the defendant constituted negligence. When her offers of proof included evidence to support an allegation, the court was obligated to instruct the jury on the law applicable to the issue raised by the allegation. Her strategy of pleading negligence in sixteen respects may have worked to her disadvantage, by requiring a charge which may show the

defendant's conduct as to some of her allegations of negligence against the defendant to have been proper in some respects. This does not, however, entitle her to complain. Moreover, she should not be allowed to claim as error what her own action induced. *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 98, 119 A.2d 736; *Chapin* v. *Popilowski,* 139 Conn. 84, 88, 90 A.2d 167.

Among the allegations pleaded against the defendant were the claims that the defendant was negligent "[i]n that he left his motor vehicle parked with its lights on" and "[i]n that he failed to turn off his lights." It is undisputed that the collision occurred at about one hour before sunrise, while the defendant's truck was parked partially on the shoulder of Madison Avenue and partially in a driveway. The court charged, "[i]n connection with the admission that the defendant parked his vehicle with the lights on, I now call to your attention Section 14-87."[1] The court then read the statute, omitting the provision concerning sufficient artificial light, and stated: "In applying this statute, you will remember that the parties entered into a stipulation to the effect that the accident in question occurred at 6:00 A.M. and that sunrise on the day of this collision occurred at 7:03 A.M., therefore, the provisions of the statute are applicable to the case at bar, providing you also find that the vehicle of the defendant was standing upon a public highway. If so,

---

[1] "[General Statutes] Sec. 14-87. LIGHTS ON STANDING MOTOR VEHICLES. Each motor vehicle, when standing upon a public highway during the period from one-half hour after sunset to one-half hour before sunrise, shall show at least one light in front, such light to be on the side nearest to the center of the road and shall display at least one red light in the rear, but this provision shall not apply to any motor vehicle in a place and under conditions where there is sufficient artificial light to make such motor vehicle clearly visible from a distance of not less than two hundred feet in every direction."

then under this statute the defendant was obliged to display at least one light in the front of the vehicle closest to the center of the road."

The plaintiff excepted to this charge, claiming, first, that § 14-87 applied to parking lights rather than to high or regular beam headlights, and then stating: "Plaintiff further takes exception to the charge that where a defendant by his own admission and by testimony is violating a parking statute, he cannot clothe himself with the shield of another statute."

The plaintiff also argues in her brief that the court's charging on both §§ 14-251 and 14-87 could be construed by the jury to mean that the defendant's compliance with § 14-87 exonerated him for his violation of § 14-251. The record indicates that the court first charged on § 14-251 stating: "In view of the judicial admission made by the defendant during the course of the trial, you are obliged to find in this case that the defendant did in fact violate the parking statute which I have been discussing, and that such violation constitutes negligence in and of itself on the part of the defendant." This instruction unequivocally directed the jury to find negligence in the admitted violation of § 14-251 and precludes any inference of exoneration.

The plaintiff's exception to the court's charge raises the question whether § 14-87 applies to a vehicle which is violating § 14-251 because it faces north, while parked on the southbound side of a public highway. The enactment of the statute was intended to protect other users of the highway. *Seregi* v. *Kendzierski,* 123 Conn. 402, 405, 195 A. 605; *Frisbie* v. *Schinto,* 120 Conn. 412, 415, 181 A. 535. Section 14-87 exempts from its purview no vehicle parked on a public highway, regardless of

the direction in which it is facing. The substance of the plaintiff's claim is that this court should infer from the statute an exception to its provisions which the legislature has not prescribed either by word or implication. This we may not do. *Eddy* v. *Liquor Control Commission,* 138 Conn. 564, 566, 86 A.2d 867; *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119; *Evans* v. *Administrator,* 135 Conn. 120, 124, 61 A.2d 684; *McManus* v. *Jarvis,* 128 Conn. 707, 711, 22 A.2d 857. It is true that in some instances statutes general in their terms are construed to admit implied exceptions. *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 669, 25 A.2d 50; *Kelley* v. *Killourey,* 81 Conn. 320, 321, 70 A. 1031. This interpretation, however, is made when the intent of the lawmakers is clear notwithstanding the literal sense and precise letter of the statute. *State ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 304, 184 A. 382. No such interpretation may be made in this instance.

There is a reasonable field of operation for each statute which does not impinge on the domain of the other; consequently, it is the duty of the court to give them concurrent effect. *Knights of Columbus Council* v. *Mulcahy,* 154 Conn. 583, 590, 227 A.2d 413; *Shanley* v. *Jankura,* 144 Conn. 694, 702, 137 A.2d 536; *Leete* v. *Griswold Post,* 114 Conn. 400, 405, 158 A. 919. Because §§ 14-251 and 14-87 are not repugnant, there is no force to the argument that a charge on § 14-87 is incompatible with a charge on § 14-251. If, by the illegal location of his vehicle, the defendant's compliance with § 14-87 confused the plaintiff in the operation of her vehicle, the legislature provided § 14-251 which was applicable to this situation.

Because of the allegations in the complaint that the defendant was negligent in failing to turn off

his lights and the evidence offered to support these claims, the court was obliged to charge on § 14-87. *Frisbie* v. *Schinto,* supra. "[W]hether requested or not, it is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them." *Pietrycka* v. *Simolan,* 98 Conn. 490, 499, 120 A. 310; *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 313, 268 A.2d 639; *Foote* v. *E. P. Broderick Haulage Co.,* 123 Conn. 296, 299, 195 A. 191; *Iannucci* v. *Lamb,* 123 Conn. 142, 145, 193 A. 212. It was the right of the defendant to have the jury adequately instructed on the principles of law applicable to his duty with respect to lighting his vehicle. See *Berniere* v. *Kripps,* 157 Conn. 356, 360, 254 A.2d 496. One of the factors to be considered by the jury was the requirements of § 14-87. See *Zegarski* v. *Horton,* 150 Conn. 212, 218–19, 187 A.2d 750.

In view of the unequivocal language of the court in directing the jury to find the defendant negligent for his violation of § 14-251, the claim that the court should have repeated this direction when it charged on the requirements of § 14-87 is without merit.

There is no error.

In this opinion HOUSE, C. J., and SHAPIRO, J., concurred.

RYAN, J. (dissenting). I am unable to agree with that portion of the majority opinion wherein the charge of the trial court concerning §§ 14-251 and 14-87 of the General Statutes was approved. While it is true that the plaintiff's complaint in setting forth the specifications of negligence was unnecessarily prolix, the fundamental claims of negligence are

quite clear and simple: (1) That the defendant parked his truck on the wrong side of the road facing in the wrong direction in violation of the provisions of § 14-251; (2) that the defendant parked his truck with its lights on, in such a position as to blind the oncoming plaintiff and to make it appear as if he was operating in the wrong lane; and (3) in that he created a hazardous condition on the highway. These specifications of negligence embrace not only the claim that the defendant violated the provisions of § 14-251, but claims of common-law negligence as well.

The charge of the court must be tested by the claims of proof in the finding. *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496. The plaintiff made the following claims of proof: The defendant's milk truck was stopped, unoccupied, with the motor turned off, on the wrong side of the road with its headlights on and directed at vehicles approaching in the southbound lane. The defendant admitted that it was dangerous to leave his vehicle standing in this manner, that certain drivers would be confused by the headlights and the position of his vehicle, and that he had created a dangerous situation.

The court charged the jury as follows: "In view of the judicial admission made by the defendant during the course of the trial, you are obliged to find in this case that the defendant did in fact violate the parking statute which I have been discussing, and that such violation constitutes negligence in and of itself on the part of the defendant. In connection with the admission that the defendant parked his vehicle with the lights on, I now call to your attention § 14-87 entitled 'Lights On Standing Motor Vehicles,' the pertinent portion of which reads as follows: Each motor vehicle when standing upon a

public highway during the period from one-half hour after sunset to one-half hour before sunrise, shall show at least one light in front, such light to be on the side nearest the center of the road. . . . In applying this statute, you will remember that the parties entered into a stipulation to the effect that the accident in question occurred at 6:00 A.M. and that sunrise on the day of this collision occurred at 7:03 A.M., therefore, the provisions of the statute are applicable to the case at bar, providing you also find that the vehicle of the defendant was standing upon a public highway. If so, then under this statute the defendant was obliged to display at least one light in the front of the vehicle closest to the center of the road." The plaintiff excepted to the charge on the grounds that § 14-87 applies to parking lights and not to the high beam or regular beam of the headlights, and that where a defendant admits that he is violating a statute he cannot clothe himself with the shield of another statute. It is noteworthy that the complaint did not allege a violation of § 14-87.

The instructions of the trial court left the impression with the jury that the defendant, by displaying one light in the front of his vehicle on the side nearest the center of the road, was in conformance with the statute, thus ignoring the fact that if the defendant was parked in accordance with the provisions of § 14-251 there would be a red taillight instead of two headlights facing the plaintiff. The presumption is that the legislature enacted what is now § 14-251 (Rev. to 1966) in view of the then existing relevant statute, which is now § 14-87 (Rev. to 1966) to be read with § 14-87 so as to make one consistent body of law. The General Assembly is always presumed to know all the existing statutes and the effect that

its action or nonaction will have on any one of them. It is always presumed to have intended that effect which its action or nonaction produces. *Knoll* v. *Kelley,* 142 Conn. 592, 595, 115 A.2d 678; *Hartley* v. *Vitiello,* 113 Conn. 74, 82, 154 A. 255. Sections 14-251 and 14-87 must be read together. The intent of the General Assembly in passing § 14-251, as expressed by it, is the controlling factor, and in ascertaining this, "the application of common sense to the language is not to be excluded." *Knoll* v. *Kelley,* supra, 596; *State* v. *Bello,* 133 Conn. 600, 604, 53 A.2d 381. While parking on the highway without lights is a violation of § 14-87, it does not follow that the statute authorizes the parking of a vehicle on a highway without other precautions than those expressly required by § 14-87. See *Caviote* v. *Shea,* 116 Conn. 569, 574, 165 A. 788; *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 745, 130 A. 102.

The trial court should have realized that the two statutes, §§ 14-251 and 14-87, must be read together and should have instructed the jury that § 14-87 did not require or authorize the defendant to have his headlights turned on under the conditions then existing. It should have informed the jury that the defendant could have minimized the danger by using his parking lights. Furthermore, the trial court ignored the plaintiff's allegations of common-law negligence. On the plaintiff's claims of proof it was a question of fact for the jury to determine whether the defendant was negligent in parking on the wrong side of the road with his headlights turned on facing oncoming traffic under the circumstances then existing. The court's instructions as to § 14-87 were erroneous.

The case should be remanded for a new trial.

In this opinion THIM, J., concurred.