[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Johnny Johnson and Michael Hutchinson, brought this action for personal injuries allegedly received when the vehicle in which they were passengers collided with a parked truck which was owned by defendant East Coast Towing, Inc. (East-Coast). Additional defendants are Clifton Smith, the driver of the automobile, in which plaintiffs were riding, and Warren James, the owner of that automobile. CT Page 5108
Plaintiffs allege in their complaint that on March 30, 1991, they were riding in a car operated by defendant Smith, and were proceeding east on Selleck Street in Stamford. Plaintiffs further allege that Smith caused the vehicle to strike a tractor trailer truck, owned by defendant East Coast, thereby causing the plaintiffs to sustain injuries. Plaintiffs allege that East Coast was negligent in that it: (1) failed to place lights on the truck to warn those using the roadway; (2) failed to park the truck within twelve inches of the curb in violation of General Statutes14-251; (3) failed to park the truck off the main travel portion of the highway, clear of the lane of traffic; (4) failed to warn defendant Smith that the truck was parked on the main travel portion of the highway; and (5) obstructed the highway in violation of General Statutes 14-251.
Defendant East Coast has filed a motion (#125) for summary judgment on the basis that there exist no genuine issues of material fact and it is entitled to judgment as a matter of law. In support of its motion for summary judgment, defendant submitted affidavits, a police report, a diagram of the accident scene prepared by the investigating officer and photocopies of police photographs of the accident scene.
Plaintiff Johnson objects to East Coast's motion for summary judgment on the basis that an issue of fact remains as to whether East Coast was properly parked in the manner mandated by General Statutes 14-251, and to what extent East Coast is responsible for the collision.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402,328 A.2d 805 (1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact . . . [and] [t]he court must view the evidence in the light most favorable to the nonmovant." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). When ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citation omitted.) Id. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
CT Page 5109 (1986). "Summary judgment procedure is ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." Spencer v. Good Earth Restaurant Corp., 164 Conn. 194,199, 319 A.2d 403 (1972).
General Statutes 14-251 provides in pertinent part that "[w]hen stationary, [a vehicle] shall, when safety will permit, be within a distance of twelve inches from the curb. . . ." A violation of General Statutes 14-251 is negligence per se; however, in order to be actionable, plaintiff must prove that the violation was a substantial factor in causing plaintiff's damages. Busko v. DeFilippo, 162 Conn. 462, 466, 294 A.2d 510 (1972).
 The causal relationship between a negligent act and damage is ordinarily one of fact. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as matter of fact.
(Internal quotation marks and citations omitted.) Id.
In the present action, plaintiffs allege negligence on the part of East Coast in that this defendant illegally parked its truck in violation of General Statutes 14-251 and East Coast failed to warn defendant Smith that its truck was parked on the main travel portion of the highway. East Coast maintains that its truck was legally parked, and as such, did not contribute to the accident. East Coast submitted affidavits and other documentary evidence in support of its argument that the truck was legally parked. However, a diagram of the accident scene prepared by the investigating officer indicates that the tractor trailer was parked over two (2) feet from the curb in violation of General Statutes14-251. Accordingly, the affidavits and exhibits submitted by the parties indicate that there are questions of fact as to whether East Coast parked its tractor trailer within twelve inches of the curb. Moreover, the affidavits and other documentary evidence submitted by East Coast do not address plaintiffs' common law "failure to warn" allegations, thereby leaving open other questions of fact. Thus, East Coast's motion for summary judgment is denied because genuine issues of material fact exist.
So Ordered. CT Page 5110
Dated at Stamford, Connecticut this 24th day of May, 1993.
WILLIAM BURKE LEWIS, JUDGE