[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT CT Page 11021
The motion for summary judgment is denied. The defendants' point is well taken. An admission of negligence on the part of Vittorio Tralongo does not lead to the conclusion that the alleged or even admitted negligence was the proximate cause of the harm. Catz v. Rubenstein,201 Conn. 39, 44 (1980). No affidavits or other appropriate documents have been submitted by the plaintiffs on this issue.
The case of Busko v. DeFillippo, 162 Conn. 462, 465-466
(1972) seems on point. There the defendant admitted it was dangerous to leave his car in the position he did. The trial court was found not to have erred in refusing to charge that the defendant's violation of a motor vehicle statute "was the proximate cause of the collision as a matter of law" id. at page 466. The court properly left to the jury the question whether the negligence per se was "a substantial factor in causing the plaintiff's damages" id. at p. 466.
The court cannot grant summary judgment on the issue of liability because that includes within it a determination as to the proximate cause of the injuries.
Corradino, J.