## Max Evans *v.* Administrator, Unemployment Compensation Act

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued June 1—decided July 21, 1948

*James F. Rosen,* for the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant administrator).

*John J. Kinney, Jr.,* with whom were *James W. Curran* and, on the brief, *Edward L. Reynolds,* for Spirits, Inc.

ELLS, J.   This is an appeal from a judgment of the Superior Court affirming a decision by an unemployment commissioner that the plaintiff was not entitled to unemployment compensation benefits.   The question is whether the plaintiff's employment was within the Unemployment Compensation Act because his employer either employed four or more persons or was a successor to a liable employer.

An employer who has four or more employees in his employment at the same time during any thirteen weeks in a calendar year after 1941 is subject to the provisions of the act at the end of the thirteenth of such weeks.   General Statutes, Sup. 1941, § 710f(4). "Employment," as applied to the facts of this case, means "any service . . . performed under any express or implied contract of hire creating the relationship of employer and employee."   Sup. 1943, § 700g (a)(1).

The employer, Spirits, Inc., owned and operated a package store located at 80 Church Street in New Haven until July, 1944, when the corporation was dissolved and was succeeded by a partnership whose members had owned all but one share of stock in the corporation.   The commissioner evidently assumed an identity in interest of the corporation and the partnership, and we shall follow that course.   The plaintiff was employed as a counter salesman in the store from September 28, 1942, to March 5, 1945, when he was laid off for lack of work.   The commissioner found that the plaintiff and George Bennett were the only persons in employment for thirteen weeks.   A third person, Small, was found to be in employment within the meaning of the act, but for less than that length of

time. There was no motion for a correction of the finding as to him. The plaintiff claimed that three additional persons, Rose Bennett, Edward Rich and John, a part-time cleaner and janitor, were in employment within the provisions of the act. The commissioner did not find that John was an employee, and the motion to correct the finding does not contain a request to include him. The question therefore concerns the employment of two additional persons, Rose Bennett and Edward Rich.

Rose Bennett was a stockholder in Spirits, Inc., until the corporation was dissolved, and after that she was a partner. The finding states only that she came into the package store each afternoon while she was a stockholder, "in the interest of protecting her investment as a stockholder in Spirits, Inc. She received no compensation for her services during that period other than dividends received as earned in her stockholdings." The plaintiff moved to correct the finding to read that she performed services for Spirits, Inc., during the entire period of the plaintiff's employment. The commissioner denied the motion and the trial court sustained his ruling. While there was conflicting testimony, the finding was directly supported by that of the manager of Spirits, Inc. We cannot hold, upon the basis of this conflicting evidence, that the court erred in refusing to correct the finding to show that Rose Bennett performed services for Spirits, Inc. For a somewhat similar claim of gratuitous service without contract of hire, see *Brannaman* v. *Richlow Mfg. Co.,* 106 Colo. 317, 318, 104 P. 2d 897. We do not need to discuss the disputed status of Edward Rich, for, even if he should be found to be an employee within the provisions of the act, there would not be the required four employees. The finding shows that Phil Labosky performed services for only three weeks,

therefore he could not be counted in making up four employees for thirteen weeks. The facts found by the commissioner support his conclusion that the employer did not have "four or more employees in his employment at the same time during any thirteen weeks in any calendar year."

The second question is whether Spirits, Inc., became subject to the act as a successor to a liable employer. General Statutes, Sup. 1941, § 710f, provides: "An employer not previously subject to this chapter shall become subject to this chapter as follows: . . . (2) an employer who acquires substantially all of the assets, organization, trade or business of another employer who at the time of such acquisition was subject to this chapter shall immediately become subject to this chapter." The unchallenged finding made by the commissioner shows that D. A. Schulte, Inc., conducted and operated a chain of stores in Connecticut; that from September 14, 1939, to June 20, 1941, it owned and operated a package store at 80 Church Street in New Haven; that the Schulte corporation was a liable employer within the provisions of the act; that on June 20, 1941, Benjamin Sevin purchased the Church Street store from the Schulte corporation; that on August 17, 1942, Spirits, Inc., purchased the store from Sevin; and that all of the transactions regarding the sale and resale of the store involved the transfer of the fixtures, merchandise and right to operate the store as an outlet for the sale of alcoholic beverages. There was no finding as to the number of persons employed by Sevin, and no claim is made that he was a liable employer under the provisions of § 710f (4).

Spirits, Inc., bought from Sevin, and it would not be liable under § 710f (2) unless the latter was a liable employer at the time of the sale. Sevin did not acquire substantially all of the assets or substan-

tially all of the organization or substantially all of the trade or business of Schulte, Inc.; he bought the fixtures, merchandise and right to operate the store located at 80 Church Street in New Haven. The plaintiff's claim is that the social implications of the act require that we read into it a further provision to the effect that it applies also to the acquisition of a single unit of a complex business. To make the purchaser of one unit in a chain of stores a successor would be to read into the statute something that is not there. The legislative language is plain and unambiguous, and no reasonable doubt can arise concerning its meaning. In such a situation we are not permitted to speculate upon any supposed actual intention of the legislature. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 A. 540. "We are not at liberty to imagine an intent, and bind the letter of the act to that intent; much less can we indulge in the license of striking out and inserting, and remodeling, with the view of making the letter express an intent which the statute in its native form does not evidence." *Alexander* v. *Worthington,* 5 Md. 471, 485.

There is no error.

In this opinion the other judges concurred.