OLD COLONY GARDENS, INC. *v.* C. GORDON CHENEY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 15—decided August 9, 1949.

*Sydney C. Kweskin,* with whom, on the brief, were *Michael Wofsey* and *David M. Rosen,* for the plaintiff in error.

*John M. Hanrahan,* with whom, on the brief, was *E. Gaynor Brennan,* for the defendant in error.

DICKENSON, J.  This summary process action was brought to the City Court of Stamford in October, 1948.  The plaintiff therein, Old Colony Gardens, Inc., alleged that it sought possession of its premises on the ground, sanctioned by federal statutes then in effect, that it intended in good faith to withdraw them from the rental market and would not thereafter offer them for rent.  62 Stat. 98; 50 U. S. C. A. App. § 1899 (a) (5) (Sup. 1949).  The defendant denied the allega-

tions of the complaint and in a special defense alleged that the plaintiff had entered into contracts for the sale of fractional interests in its apartment development, with a plan for managing the property, in violation of the federal act. This the plaintiff denied. The case was heard January 14, 1949. Judgment dismissing the action was entered March 28, 1949. We refer to the trial court's memorandum of decision to ascertain the grounds upon which it acted. Conn. App. Proc. § 90. It discloses them to have been that, after the action was heard, the General Assembly passed a new summary process act (Public Acts, 1949, No. 5), effective February 17, 1949, stating the grounds on which such actions might be brought and not including as a ground the withdrawal of property from the rental market, and that this provision was made applicable to all pending actions of summary process where execution had not been levied and therefore barred further prosecution of the instant action. The claims pursued in the plaintiff's brief are that the Connecticut statute does not bar the action by its terms and, in the alternative, that if it does it is unconstitutional. The defendant contends that the only question before this court is whether the City Court erred "in ruling that the Connecticut statute eliminated its jurisdiction in withdrawal cases."

Public Acts, 1949, No. 5, contains eighteen sections, the final one of which makes the act effective on the day of its passage. Section 1 is in part as follows: "No person shall bring any action of summary process to recover possession of any land, building, any apartment in any building . . . except for nonpayment of rent or nuisance, or when the owner seeks in good faith to recover possession for the immediate use and occupancy by himself, his spouse, his parent or parents, his child or children. This section shall cease to be

effective May 1, 1951." Section 11 provides in part as follows: "Except for section 1 this act shall apply to any action of summary process pending on the effective date of this act before any justice of the peace or court in which judgment has not been entered. . . ." The other sections of the act repeal earlier summary process statutes and provide machinery for the operation of the new act.

The trial court held that § 1 limits the grounds upon which summary process can be used and that the instant action, not having been brought on one of these grounds, is barred by § 11. It construed the expression in § 11, "except for section 1 this act shall apply to any action of summary process," to mean that unless the action is brought on one of the grounds named in § 1 it may not be maintained. We read no such meaning into the clause. Section 1 refers to the bringing, not the maintaining, of such actions. It refers to future actions on new grounds. Section 11 recognizes the inapplicability of § 1 to the remaining sections of the act and expressly excepts it from any connection with them. The clause is not ambiguous and admits of no such forced construction as given it by the trial court. As the wording of the statute is plain, we are not at liberty to speculate upon any supposed intention. *McManus* v. *Jarvis*, 128 Conn. 707, 711, 22 A. 2d 857; *Evans* v. *Administrator*, 135 Conn. 120, 124, 61 A. 2d 684. The trial court was in error in dismissing the action because it was brought on a ground not authorized by § 1 of Public Acts, 1949, No. 5.

This conclusion makes it unnecessary for us to discuss the question of the constitutionality of the statute because of a claimed retroactive effect. Nor does the case present the question whether the provisions of the United States statutes as to permissible grounds of eviction prevail over those stated in § 1 of the Con-

necticut statute in view of the provisions of General Statutes, § 8292, that, until the termination of the war, the statutes of the United States and the regulations thereunder affecting summary process shall supersede statutes of this state concerning such process, so far as there is a conflict.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.