RICHARD CLARK ET AL. *v.* LEO J. MULCAHY, STATE POLICE COMMISSIONER, ET AL.

CONNECTICUT STATE EMPLOYEES ASSOCIATION, INC., ET AL. *v.* LEO J. MULCAHY, STATE POLICE COMMISSIONER, ET AL.

HOUSE, C. J., COTTER, THIM, RYAN and SHAPIRO, Js.

Argued January 6—decided February 1, 1972

*Etalo G. Gnutti,* with whom, on the brief, was *Robert J. Pigeon,* for the appellants (plaintiffs) in the first case.

*Charles F. Dana,* for the appellant (plaintiff Leonard) in the second case.

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom were *David J. Della-Bitta,* assistant attorney general, and, on the brief, *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellees (defendants) in each case.

SHAPIRO, J.  The plaintiffs have appealed from the judgments in these two cases and, while each case is presented by a separate record and briefs, both cases were argued together before us.

On May 17, 1968, the plaintiffs in the first case (No. 6753), state policemen of the state of Connecticut, instituted an action for a declaratory judgment, naming as defendants the commissioner of state police, the state treasurer, the personnel commissioner and the members of the personnel policy

board of the state of Connecticut. Sought were determinations of whether, pursuant to Public Act No. 657 of 1967, (now § 5-245 of the General Statutes), the plaintiffs are entitled to overtime pay at a rate equal to one and one-half times an hourly rate based on their annual salaries for authorized work in excess of (1) forty hours per week for a period from July 1, 1967, through June 30, 1968, and (2) thirty-five hours per week for a period from July 1, 1968, through June 26, 1969.

By writ and complaint dated March 13, 1969, the plaintiff in the second case (No. 6919), Edward Leonard, a uniformed member of the Connecticut state police department who worked a minimum of fifty hours a week between June 29, 1967, and June 27, 1969, instituted an action seeking a declaratory judgment and injunctive relief, naming as defendants the commissioner of state police and the commissioner of personnel of the state of Connecticut.[1]

Although appeal in the second case is from a judgment rendered in a separate action, the plaintiff Leonard raised issues at the trial identical to those presented in the first case. On identical and undisputed facts, the trial court in each case reached identical conclusions.

The facts, undisputed as alleged, are as follows: On August 11, 1966, the defendant state police commissioner requested the personnel director of the state of Connecticut to amend the hours-of-work schedule on file in the state police department as follows: "All police personnel will be subject to call to duty at all times and will have a 50-hour work week, based on five 10-hour days."

---

[1] At the conclusion of the trial, the Connecticut State Employees Association, Inc., and chapter 174 of the association withdrew from the action as plaintiffs by agreement of counsel.

This amended work schedule was approved on August 17, 1966, by the personnel director pursuant to the administrative regulations then in force and effect. From August 17, 1966, to June 27, 1969, no administrative regulations on the subject matter of a fifty-hour workweek schedule for state police personnel were issued, nor was this amended work schedule amended or repealed in any manner by any defendant.

For the period from June 30, 1967, to June 27, 1969, the plaintiffs have been compensated for overtime work at a rate equal to one and one-half times an hourly rate based on their annual salary only for authorized work performed for a period in excess of the aforesaid fifty hours per week.

In answer to the specific prayers for judgment requested by the plaintiffs, the trial court in each case concluded that, for the period in dispute—July 1, 1967, to June 27, 1969—the plaintiffs were entitled to overtime pay at a rate equal to one and one-half times an hourly rate based on their annual salaries only for authorized work performed for a period in addition to the fifty hours of their regular established workweek. This conclusion was predicated on §§ 53 (a) and 53 (b) of Public Act No. 657, (known as the State Personnel Act), which became effective on June 30, 1967. These sections became §§ 5-245 (a) and 5-245 (b) of the General Statutes.[2]

The aforementioned fifty-hour workweek of the state police department was established on August

---

[2] "[General Statutes] Sec. 5-245. OVERTIME PAY. (a) Prior to July 1, 1968, any state employee who performs work authorized by his appointing authority for a period in addition to the hours of the employee's regular, established workweek shall receive compensation as follows: (1) For that portion of such additional time worked which when added to the employee's regular, established workweek does not exceed forty hours, the employee shall be compensated at

17, 1966, pursuant to § 5-9-24, Regulations of Connecticut State Agencies, as amended.[3] The relevant enabling statute in effect on that date was § 5-51 of the General Statutes (Rev. to 1966). This statute provided in pertinent part that the civil service commission, precursor of the present personnel policy board, in consultation with the personnel director, should promulgate regulations for establishing and maintaining uniform and equitable hours of work for all employees in the classified service.[4] It further provided that the number of hours any employee should be required to be on duty each day or in any week should be uniform for all whose positions are allocated to the same class, unless specifically otherwise provided by action of the personnel director and recorded in his office together with the reason for each such exception, but the hours of different classes may be different.

Section 5-51 was contained in chapter 63 of the General Statutes, which was expressly repealed by

an hourly rate based on his annual salary; (2) For that portion of such additional time worked which when added to the employee's regular, established workweek exceeds forty hours, the employee shall be compensated at a rate equal to one and one-half times an hourly rate based on his annual salary.

"(b) On and after July 1, 1968, any state employee who performs work authorized by his appointing authority for a period in addition to the hours of the employee's regular, established workweek shall receive compensation as follows: (1) For that portion of such additional time worked which when added to the employee's regular, established workweek does not exceed thirty-five hours, the employee shall be compensated at an hourly rate based on his annual salary; (2) For that portion of such additional time worked which when added to the employee's regular, established workweek exceeds thirty-five hours, the employee shall be compensated at a rate equal to one and one-half times an hourly rate based on his annual salary."

[3] We may take judicial notice of the regulation. *Squires* v. *Wolcott*, 133 Conn. 449, 453, 52 A.2d 305; *Roden* v. *Connecticut Co.*, 113 Conn. 408, 415-16, 155 A. 721.

[4] It is undisputed that state policemen are state employees in the classified service.

§ 1 of Public Act No. 657 of 1967, effective June 30, 1967. Section 47 of Public Act No. 657, which became General Statutes § 5-238, entitled "Hours of work," except for the presently immaterial substitution of the personnel policy board for the civil service commission, the substitution of the personnel commissioner for the personnel director, and the elimination of the previously required consultation with the personnel director, was an exact reenactment of § 5-51.

Section 76 (c) of Public Act No. 657, which became General Statutes § 5-268b (c) entitled "Transitional provisions," provided that "[a]ll regulations, rules, procedures, orders, notices and lists existing prior to the effective date of this act, except insofar as they may be expressly in conflict with provisions of this act shall remain in full force and effect until repealed or superseded by action taken pursuant to the provisions of this act. All regulations issued prior to the effective date of this act by the civil service commission, personnel board or personnel director, shall be considered as regulations issued by the personnel policy board."

Having examined these statutory provisions, the trial court, in each case, reached the aforementioned conclusion that, for the period in dispute herein, plaintiffs were entitled to overtime only for hours worked in excess of fifty hours per week; that there is no conflict between § 5-245, General Statutes, as amended, and § 5-9-24, Regulations of Connecticut State Agencies, as amended; that the work schedule approved by the state personnel director on August 17, 1966, in accordance with said § 5-9-24 of said regulations remained in full force and effect pursuant to § 5-268b (c), General Statutes, as amended; and that the regular, established workweek for the plaintiffs was fifty hours per week.

The plaintiff Leonard assigns as error the over-ruling of his claims that, as a member of the state police department, overtime is due him for work in excess of forty hours (thirty-five after July 1, 1968) under the statutory provisions of § 5-245 in effect during the disputed period. The plaintiffs in the Clark case specifically assign error to the trial court's aforementioned conclusions of law, and to the overruling of their claim that "by virtue of Sections 5-245 (a) and 5-245 (b), Conn. Gen. Stat., as amended, a workweek for state policemen cannot be established to exceed the number of hours stated therein."

This claim, as well as the plaintiff Leonard's assignment of error, may be readily disposed of by a careful reading of § 5-245 of the General Statutes, for its language is plain and unambiguous. When read according to the commonly approved usage of its language, the enactment speaks for itself, and this court is not at liberty to speculate on any supposed actual legislative intent not expressed in an appropriate manner or to restrict the ordinary import of words used in order to effectuate such supposed intent which the statute does not express. *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835; *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525; *Old Colony Gardens, Inc.* v. *Cheney,* 136 Conn. 18, 20, 68 A.2d 132; *Evans* v. *Administrator,* 135 Conn. 120, 124, 61 A.2d 684; *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 422, 52 A.2d 636. Its unequivocal meaning is not subject to modification by way of construction. *General Tire, Inc.* v. *United Aircraft Corporation,* 143 Conn. 191, 195, 120 A.2d 426. Under its provisions, a schedule for overtime pay is established for employees who work author-

ized hours in addition to those of their "regular, established workweek." Nothing, however, within this section attempts to establish or limit what the "regular, established workweek" may be. It is, rather, under the aforementioned § 5-238 of the General Statutes that regulations may be issued for establishing and maintaining the number of hours in an employee's regular workweek, although nothing within § 5-238 itself requires that a state employee in a classified service be granted a forty- or thirty-five-hour workweek.

Within § 5-245, subsection (a) (2) merely allows time and one-half overtime pay for the number of authorized overtime hours of work which, when added to the number of hours of the employee's regular, established workweek, exceed forty hours.[5] Compensation for the number of authorized overtime hours which, when added to the hours of the regular, established workweek, do not exceed forty hours, is calculated on a straight time basis under § 5-245 (a) (1).[6] Thus, under this statute, an employee whose "regular, established workweek" is fifty hours can receive no overtime pay until he works in excess of fifty hours, after which time he shall receive time and one-half pay for those hours of authorized overtime work in excess of fifty.

All the plaintiffs argue that if the legislature did not intend that employees should be paid overtime for hours of work in excess of forty and thirty-five hours, under §§ 5-245 (a) and 5-245 (b), respectively, then it merely would have stated that employees would receive time-and-a-half pay for overtime

---

[5] Forty hours before July 1, 1968, thirty-five hours after this date, pursuant to § 5-245 (a) (2).

[6] Forty hours before July 1, 1968, thirty-five hours after this date, pursuant to § 5-245 (a) (1).

worked in excess of the regular established work-week, and it would have been unnecessary to mention any number of hours.

Clearly, the mention of forty and thirty-five hours within § 5-245 is not without meaning, and plaintiffs' argument overlooks the obvious purpose served by the mention of the number of hours within the statute. Under § 5-245, an employee whose "regular, established workweek" is less than forty hours (thirty-five after July 1, 1968) will receive only straight time for overtime hours worked until he has worked the aforementioned statutory hours. Time and one-half does not begin until those hours are exceeded. Such a result would not be achieved by the plaintiffs' construction.

We conclude, then, that § 5-245, when read together with § 5-238 and the regulations applicable thereunder, clearly defines a system for eligibility and amount of overtime pay. It is not for this court to determine the merits of this system. It remains with the General Assembly to pass limiting legislation should it, in its wisdom, determine that, pursuant to § 5-238, a regulation has been issued which results in the establishment of an excessive workweek.[7]

We are left then to determine whether the regulation under which the fifty-hour workweek was established, § 5-9-24 of the Regulations of Connecticut State Agencies, survived the enactment of Public

---

[7] This, we note, was done in § 14 of Public Act No. 658 of 1969 (now § 5-246 of the General Statutes) which became effective June 27, 1969, and provides time and one-half pay for "any member or officer of the state police force who performs work authorized by the commissioner of state police in addition to the hours of his regular workweek as established by said commissioner, provided the commissioner of state police shall establish no workweek which, including home-to-duty station and duty station-to-home-time, exceeds an eight-week average of forty hours per week."

Act No. 657 of 1967. General Statutes § 5-268b (c), as amended, allows regulations, rules, procedures, orders, notices and lists of the civil service commission or personnel director, existing when Public Act No. 657 became effective, to remain in full force and effect until repealed or superseded, "except insofar as may be expressly in conflict with provisions of this chapter." The plaintiffs contend that § 5-245 compels overtime for work in excess of forty hours (thirty-five after July 1, 1968) and thus conflicts with § 5-9-24, which, by necessary implication, the plaintiffs apparently concede allows the establishment of a regular workweek of fifty hours. Having concluded that § 5-245 does not establish or limit the number of hours within a regular established workweek, we find no conflict between it and a regulation which allows the establishment of a regular workweek in excess of forty hours. We conclude that § 5-268b (c) continued in force the prior procedure of determining hours of work.

The final assignment of error, pursued only by the plaintiffs in the Clark case, is addressed to the conclusion of the court that the regular, established workweek for the plaintiffs during the period in dispute was fifty hours pursuant to the action of the personnel director under § 5-9-24 of the Regulations of Connecticut State Agencies. This regulation provides in pertinent part: "Hours of work. (a) Work week. The regular established work week for all fulltime employees in the classified service shall be not less than thirty-five hours nor more than forty hours except as provided in subsection (c). . . . Subsection (c). Work schedules. (1) Departments. The work week for departmental employees shall be in accordance with the regular established work week stated in subsection (a) except in field service where

work in excess of the regular established work week shall be determined by the requirements of each department. Such exception shall be provided for only by approval of the personnel director and shall be recorded in his office and in the department, together with the reason for each exception."

The exception for "field service" employees established in § 5-9-24 (c) (1) (a) was authorized by the aforementioned enabling legislation, General Statutes § 5-51 (reenacted in General Statutes § 5-238), which allowed the personnel director to act to provide nonuniform weekly hours within a classification if he recorded the exception in his office, together with its reason.

No claim is made in the Clark case that this regulation was not in full force and effect on August 17, 1966. The sole contention of these plaintiffs in pursuing this assignment of error is that § 5-9-24 (c) (1) (a), under which the regular fifty-hour workweek was established in 1966, applies only to employees in "field service" and that not all state policemen are so employed.[8]

We are unable to pass on the merits of this contention. Since this claim was not raised by the pleadings, by the plaintiffs' trial brief, by the draft finding, or by the assignments of error, no finding was made by the trial court as to whether any of these plaintiffs were not engaged in "field service" work. The plaintiffs in the Clark case do not dispute that some among them are so engaged, although the nature of their particular work appears nowhere in

---

[8] Although counsel have not placed in issue the construction of this regulation which permits field service employees to have regular established workweeks in excess of forty hours, this court is constrained to note that such a construction of § 5-9-24 (c) is consistent with the wording of § 5-9-24 (a). See *Alexander* v. *Alexander*, 107 Conn. 101, 106, 139 A. 685.

the record. Those so situated are not aggrieved by the application of a regulation that applies to "field service" employees.[9] Consequently, no matter how zealous these plaintiffs may be in their desire to assist others, they cannot represent them to enforce their rights pursuant to this issue. Unless the interests of these plaintiffs are shown to be adverse, there can be no justiciable controversy between the parties surrounding this issue on which a declaratory judgment may be rendered. *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 74, 193 A.2d 493; *Lipson* v. *Bennett,* 148 Conn. 385, 388, 171 A.2d 83; *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208.

There is no error in either case.

In this opinion the other judges concurred.

---

[9] Connecticut Practice Book § 309 provides: "The court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations."