PAULA DUPLIN ET AL. *v.* SHIELS, INC.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued October 5—decided November 6, 1973

*David J. Harrigan,* for the appellants (plaintiffs).

*Valentine J. Sacco,* for the appellee (defendant).

PER CURIAM. The plaintiffs, Paula and Bonnie Duplin and their father, Eli Duplin, brought this action to recover damages for personal injuries suffered by the two minors, then eight and seven years of age, and for expenses incurred by their father. The jury found the issues for the defendant, and from the judgment in its favor the plaintiffs have appealed.

The sole assignment of error before us for consideration relates to the trial court's instruction to the jury. The correctness of the charge is determined by the claims of proof of the parties.[1] Practice Book § 635; *DiPalma* v. *Wiesen,* 163 Conn. 293, 295, 303 A.2d 709; *Busko* v. *DeFilippo,* 162 Conn. 462, 464, 294 A.2d 510; *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 180, 268 A.2d 384. Relevant to this assignment are the claims of proof which follow. On July 12, 1962, at about 5 p.m., the defendant's ice cream vending truck, identified as a Mr. Softee truck, stopped on the west side of Edgewood Street in Hartford. The defendant's employee parked the truck at approximately this same location each day on his route. Sales were made from a sliding window on the right side of the truck. If the vendor turned around from his vending operations, he could observe people crossing the street through a large panel window on the left side of the truck. After the truck had parked, Paula and Bonnie, unaccompanied by an adult, crossed from their home on the easterly side of Edgewood Street to the Mr. Softee truck on the west side. After buying ice cream cones, they walked around the rear of the truck to return home. A car speeding in a northerly direction on Edgewood Street struck and injured the minor plaintiffs while they were recrossing the street.

---

[1] The plaintiffs have assigned as error the refusal of the court to include in their claims of proof three paragraphs of their draft finding. There is neither an appendix to the plaintiffs' brief nor a recital or narrative of evidence in the defendant's brief to support these claims, and consequently no additions to the finding are made. *Hunt* v. *Richter,* 163 Conn. 84, 86, 302 A.2d 117; *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 190, 292 A.2d 912; *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn. 391, 394, 171 A.2d 194.

The defendant presented evidence as follows. Its employee had a vendor's license to sell its products on the streets of Hartford. The defendant had specifically instructed its employee that no children whom the employee specifically and personally knew to have crossed the street were to be sold any of the defendant's products. On July 12, 1962, the Mr. Softee truck stopped in front of eight to ten children standing on the westerly sidewalk of Edgewood Street. After stopping the truck the defendant's employee began to serve these children. He was unaware that Paula and Bonnie had crossed Edgewood Street to purchase ice cream from his truck, he would not have served them had he been aware of it, and he did not know where they lived.

On July 12, 1962, there was in effect in the city of Hartford an ordinance which read, in part, as follows: "It shall be unlawful for any food vendor or ice cream vendor to sell or attempt to effect a sale of food or ice cream to any minor child . . . when the minor to the knowledge of the vendor has crossed the street." Hartford Mun. Code § 25-16.1 (1). The charge of the court in effect instructed the jury that the knowledge of the vendor required by this ordinance was actual knowledge. The plaintiffs assign error because the court did not charge in substance that "knowledge" in the ordinance included, in addition to actual knowledge, constructive knowledge, or that which one ought to have under the circumstances.

A local ordinance is a municipal legislative enactment and for purposes of appeal is to be treated as though it were a statute. *Coughlin* v. *Peters,* 153 Conn. 99, 101, 214 A.2d 127. The same canons of construction are applicable whether an ordinance

or an act of the General Assembly is involved. *Great Atlantic & Pacific Tea Co.* v. *Scheuy,* 148 Conn. 721, 723, 167 A.2d 862. The ordinance in question is penal in nature and must be construed strictly; *State* v. *Cataudella,* 159 Conn. 544, 555, 271 A.2d 99; *State* v. *Moore,* 158 Conn. 461, 465, 262 A.2d 166; and the words used are to be given the commonly approved usage of the language. General Statutes § 1-1. The language of the ordinance is plain and unambiguous so that there is no occasion to construe it or modify its meaning by way of construction. *Clark* v. *Mulcahy,* 162 Conn. 332, 338, 294 A.2d 504; *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 402, 288 A.2d 435; *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835.

It would be an unwarranted extension of the language of the ordinace as well as a presumption to assume that the municipality, by specifying that knowledge by the vendor that a child has crossed the street is required for violation of the ordinance, intended also to include knowledge by the vendor which should have been ascertained under the particular circumstances existing at the time. Had the intent of the ordinance been to include constructive knowledge in addition to actual knowledge, it would have been a simple matter for the ordinance to say so. *State* v. *Moore,* supra, 466.

There is no error.