[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (2/20/01)
The plaintiff, Benedetto Pisanelli, brought this action pursuant to General Statutes § 14-251 against the defendant, Luan Vrzivoli. The action arises out of an accident which, according to Pisanelli, occurred when the plaintiff, while driving his motorcycle at night, grazed the rear wheel of Vrzivoli's dump truck, lost control of the motorcycle, and fell. The single count complaint alleges negligence on the part of Vrzivoli "in that he parked [his] dump truck so as to obstruct the free movement of traffic in violation of § 14-251 of the Connecticut CT Page 7604 General Statutes, and in that he parked his dump truck too close to the traveled portion of the . . . public highway. . . ." (Complaint, ¶ 9.) Pisanelli alleges that Vrzivoli knew or should have known that by parking his truck in this manner he created an unreasonable risk of harm to motorists, including the plaintiff.
Vrzivoli moves for summary judgment on the ground that there is no genuine issue of material fact that Vrzivoli breached any duty owed to plaintiff.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Id. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital,252 Conn. 193, 201, 746 A.2d 730 (2000).
"[A] violation of [General Statutes § 14-251] [is] negligence as a matter of law. . . ." Madenford v. Interstate Lumber Mill Corp.,153 Conn. 62, 64, 212 A.2d 588 (1965). "To establish negligence . . . in a negligence per se case . . . [we need] merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law." (Internal quotation marks omitted.) Gore v. People's Savings Bank, 235 Conn. 360, 376, 665 A.2d 1341
(1995).
Pisanelli has not filed any memoranda, nor provided the court with any affidavits or other evidence, in opposition to Vrzivoli's motion. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995). Vrzivoli filed a memorandum of law in support of his motion for summary judgment (Defendant's Memorandum), an affidavit, a certified copy of the deposition testimony of police officer David CT Page 7605 Gladstone, and Gladstone's incident report and supplements thereto.
In the complaint Pisanelli alleges that Vrzivoli was negligent because he parked his dump truck too close to the traveled portion of the public highway in violation of General Statutes § 14-251. Vrzivoli maintains that he is entitled to summary judgment because there is no genuine issue of material fact that he did not violate § 14-251, because his dump truck was parked well within the twelve inch limit required by §14-251. In support of this contention Vrzivoli submits his affidavit in which he states that his "vehicle was parked about forty five feet north of Ocean Drive and the tires on the right side of my truck were only a few inches from the curb on Shippan Avenue. I am positive that the right tires were not further than twelve inches from the curb." (Defendant's Memorandum, Exhibit ¶, 3.) In addition, he submits testimony of David Gladstone, the police officer who investigated the accident. When he was asked if he could recall how far from the curb Vrzivoli's vehicle was parked, Gladstone stated that it was "[w]ithin twelve inches of the curb." (Defendant's Memorandum, Exhibit B, p. 8.) Gladstone confirmed that a state statute or local regulation mandates that a vehicle be parked within twelve inches of a curb, and that as part of his investigation, he determined that Vrzivoli's vehicle was parked within those restrictions. (Defendant's Memorandum, Exhibit B, p. 8.) Gladstone also testified that he did not issue a violation to Vrzivoli. (Defendant's Memorandum, Exhibit B, p. 8.) There is no genuine issue of fact that Vrzivoli's vehicle was parked within a distance of twelve inches from the curb.
Pisanelli also alleges that Vrzivoli was negligent in that he parked his dump truck so as to obstruct the free movement of traffic in violation of § 14-251. Vrzivoli contends that he is entitled to summary judgment because there is no genuine issue of material fact that his dump truck "was parked legally" pursuant to § 14-251, and that the police determined that such was the case. In support of this contention, Vrzivoli relies on Gladstone's testimony that "it appeared that [Vrzivoli's truck] was properly parked" because there were no posted signs indicating that it was parked in a no parking zone. (Defendant's Memorandum, Exhibit B, pp. 7-8.) Gladstone also stated that no violations were issued to Vrzivoli. (Defendant's Memorandum, Exhibit B, p. 8.)
Further, in describing the area of the accident, Gladstone stated that the roadway is "wide, one lane in each direction." (Defendant's Memorandum, Exhibit B, p. 10. The accident diagram on page two of Gladstone's incident report, although not drawn to scale, confirms this. It indicates that Vrzivoli's vehicle was parked on the side of the street, and does not show that the vehicle obstructed the free movement of traffic. (Defendant's Memorandum, Exhibit B, Exhibit 1, p. 2. The incident report and Vrzivoli's affidavit also indicate that Vrzivoli's CT Page 7606 vehicle was parked on the right hand side of the street, that it faced the direction in which traffic was headed, and that the police took no enforcement action against Vrzivoli. (Defendant's Memorandum, Exhibit A, Exhibit B, Exhibit 1, p. 1.) There is no genuine issue of material fact that Vrzivoli's vehicle did not obstruct the free movement of traffic on Shippan Avenue, and was not otherwise parked in violation of § 14-251.
Pisanelli did not file a memorandum or provide the court with any evidence in opposition to Vrzivoli's motion and supporting evidence. "Mere assertions of fact whether contained in a complaint or in a brief are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983); see also Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Bartha v. Waterbury HouseWrecking Co., supra, 190 Conn. 11.
Vrzivoli has established that there is no genuine issue of fact that his truck was parked within twelve inches from the curb and did not obstruct the free movement of traffic, and that there is no basis for imposing liability upon him under § 14-251. Vrzivoli's motion for summary judgment is granted because under § 14-251 he was not negligent as a matter of law.
FORD, J.